UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PHILIP E. MODELLE and OSCAR S. GRICE,

                              Plaintiffs,

                                                 9:08-CV-1042
v.                                                 (DNH/GHL)

DAVID FAURO, MIKE SMITH, KEVIN LAURIN,

                              Defendants.
_____

APPEARANCES:                                             OF COUNSEL:

PHILIP E. MODELLE, 08-A-2310
Plaintiff *pro se*
Upstate Correctional Facility
P.O. Box 2001, 309 Bare Hill Road
Malone, New York 12953

OSCAR S. GRICE, 08-A-6396
Plaintiff *pro se*
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011

MURPHY, BURNS, BARBER                         THOMAS K. MURPHY, ESQ.
& MURPHY, LLP
Counsel for Defendants
226 Great Oaks Boulevard
Albany, New York 12203

GEORGE H. LOWE, United States Magistrate Judge

# REPORT-RECOMMENDATION

       This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiffs Philip E.

Modelle and Oscar S. Grice allege that Defendants David Fauro, Mike Smith, and Kevin Laurin violated their constitutional rights by failing to provide an adequate law library at the Clinton County Jail, recording telephone calls between inmates and their attorneys, and failing to process and respond to Plaintiffs' grievances. Currently pending before the Court are two motions for summary judgment pursuant to Federal Rule of Civil Procedure 56, one filed by Defendants (Dkt. No. 61) and the other by Plaintiff Philip Modelle (Dkt. No. 38) . For the reasons that follow, I recommend that Defendants' motion be granted and Plaintiff Modelle's motion be denied.

I.    **LEGAL STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT**

Under Federal Rule of Civil Procedure 56, summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists. *Major League Baseball Properties, Inc. v. Salvino*, 542 F.3d 290, 309 (2d Cir. 2008). Where the nonmovant will bear the burden of proof at trial, "the movant may show prima facie entitlement to summary judgment in one of two ways: (1) the movant may point to evidence that negates its opponent's claims or (2) the movant may identify those portions of its opponent's evidence that demonstrate the absence of a genuine issue of material fact, a tactic that requires identifying evidentiary insufficiency and not simply denying the opponent's pleadings." *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006). Only after the moving party has met this burden is the nonmovant required to produce evidence

2

demonstrating that genuine issues of material fact exist. *Id*. The nonmovant must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts."[1] Rather, "[a] dispute regarding a material fact is *genuine* if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2] In determining whether a genuine issue of material[3] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party.[4]

## II.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A.   Claims Regarding the Adequacy of the Law Library

Plaintiffs allege that the law library at the Clinton County Jail was constitutionally deficient. (Compl. ¶ II(D).) Specifically, they allege that the jail's library failed to comply with New York state regulations or federal constitutional standards because it did not contain Shepard's Citations, Federal Reporters, Supreme Court Reporters, pocket parts for volumes of the New York Penal Law, Federal form books, treatises on constitutional law, treatises on 42 U.S.C. § 1983, manuals on how to conduct legal research, or the Blue Book. (Modelle Dep. 40:16-43:4, May 1, 2009 ("Modelle Dep."); Grice Dep. 19:24-21:6, May 27, 2009 ("Grice

---

[1] *Matsushita*, 475 U.S. at 585-86; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading . . . .").

[2] *Ross v. McGinnis*, 00-CV-0275, 2004 WL 1125177, at *8 (W.D.N.Y. Mar. 29, 2004) [internal quotations omitted] [emphasis added].

[3] A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[4] *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) [citation omitted]; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) [citation omitted].

Dep.").)  Defendants argue that Plaintiffs' claims must be dismissed because neither Plaintiff Modelle nor Plaintiff Grice suffered any injury.  (Memo. of Law in Supp. of Defs.' Mot. for Summ. J., Dkt. No. 61-12 ("Defs.' Br.") at 1-4.)  Defendants are correct.

It is well settled that inmates have a First Amendment right to "petition the Government for a redress of grievances."  U.S. Const. amend. I.  This right, which is more informally referred to as a "right of access to the courts," requires States "to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights."  *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *modified on other grounds*, *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *see also Bourdon v. Loughren*, 386 F.2d 88, 92 (2d Cir. 2004) (citations omitted).  "However, this right is not 'an abstract, freestanding right to a law library or legal assistance' and cannot ground a Section 1983 claim without a showing of 'actual injury.'"  *Collins v. Goord,* 438 F. Supp.2d 399, 415 (S.D.N.Y. 2006) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).  As a result, to state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating both (1) that the defendant acted deliberately and maliciously, and (2) that the plaintiff suffered an actual injury.  *Lewis*, 518 U.S. at 353; *Howard v. Leonardo*, 845 F. Supp. 943, 946 (N.D.N.Y. 1994) (Hurd, M.J.).

Plaintiff Modelle alleges that the deficiencies in the facility's law library impeded him from pursuing a civil rights claim regarding medical care.  (Modelle Dep. 16:19-17:20, 18:21-19:18, 21:9-17, 29:3-9.)  Any deficiencies in the facility's law library did not impede Plaintiff Modelle from pursuing the claim.  The serious medical need to which he alleges officials were deliberately indifferent was a hand injury that he incurred in January 2008.  (Modelle Dep. 28:4.) "The applicable statute of limitations for § 1983 actions arising in New York requires claims to

4

be brought within three years." *Pinaud v. County of Suffolk*, 52 F.3d 113, 1156 (2d Cir. 1995) (citations omitted); *see also Connolly v. McCall*, 254 F.3d 36, 40-41 (2d Cir. 2001). The statute of limitations on Plaintiff Modelle's § 1983 claim will not, therefore, expire until January 2011[5]. Plaintiff Modelle thus has a year left in which to file such an action. He is no longer housed in the Clinton County Jail, with its allegedly deficient law library. Rather, he is currently housed at Upstate Correctional Facility, part of the New York Department of Correctional Services ("DOCS"). Plaintiff Modelle admits that "all of DOCS law libraries are well equipped." (Modelle Dep. 29:15-16.) Plaintiff Modelle, therefore, was not injured by any deficiencies in the Clinton County Jail's law library.

Plaintiff Grice alleges that deficiencies in the facility's law library impeded him from defending himself in criminal proceedings, from appealing his conviction, and from pursuing a civil rights claim regarding medical care. (Grice Dep. 17:4-18:21, 26:7-11.) Any deficiencies in the facility's law library did not impede Plaintiff Grice from litigating these actions. Plaintiff Grice was represented by counsel in his criminal case and appeal. (Grice Dep. 8:4-9:20.) "The Second Circuit has held that the right of access to courts is not infringed where prisoners are not supplied with an adequate prison library, so long as they were provided with appointed counsel." *Benjamin v. Kerik*, 102 F. Supp. 2d 157, 163-64 (S.D.N.Y. 2000) (citing *Spates v. Manson*, 644 F.2d 80, 84-85 (2d Cir. 1981)). The medical incident about which Plaintiff Grice wanted to file a § 1983 action occurred in early 2008. (Grice Dep. 26:17-22.) The statute of limitations will

---

[5] Plaintiff Modelle asserts in opposition to Defendants' motion for summary judgment that "his claims [a]re now barred by the statute of limitations." (Dkt. No. 63 at 3.) While any state tort claim Plaintiff may have had is now, absent some exception, barred by the statute of limitations (*Lieber v. Village of Spring Valley*, 40 F. Supp. 2d 525, 533 (S.D.N.Y. 1999) (collecting cases)), the statute of limitations on a federal civil rights action has not yet run.

therefore not expire until early 2011. Plaintiff Grice was still housed at the Clinton County Jail when a new legal research computer system that he characterized as "absolutely" adequate was installed in the fall of 2008. (Grice Dep. 15:17-16:9.) He is now housed in the DOCS system, where he has access to a full law library. He could thus still file a § 1983 action regarding medical treatment. Therefore, Plaintiff Grice was not injured by any deficiencies in the Clinton County Jail's law library. Accordingly, I recommend that Defendants' motion for summary judgment be granted as to Plaintiffs' claims regarding the adequacy of the Clinton County Jail's law library.

### B.   Claims Regarding the Recording of Telephone Calls

During the time that Plaintiffs were incarcerated at the Clinton County Jail, the facility recorded many telephone calls that inmates placed. The telephone system advised inmates via a recorded statement that any telephone calls they placed could be recorded. To proceed with the telephone call, the inmate was required to press "1" to indicate his consent to being recorded. (Stmt. of Material Facts ¶ 13, Dkt. No. 61-3.) In addition to the recorded statement, a sign near the telephone advised inmates that calls would be recorded. *Id.* ¶ 14. Telephone calls to attorneys were not exempted from the facility's policy. Plaintiffs allege that Defendants violated their constitutional rights by recording conversations between Clinton County Jail inmates and their attorneys. (Compl. ¶ II(D).)

Plaintiffs' allegations regarding the recording of telephone calls implicate the First Amendment right of access to the courts; Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 18 U.S.C. §§ 2510-2522 ("the Wiretap Act"); and the Fourth Amendment. Defendants move for summary judgment dismissing this claim, addressing only the

access to the courts implications. (Defs.' Br. at 4-5.)

  1.  Access to the Courts

  Defendants argue that any access to the courts claim arising from the recording of telephone calls from Plaintiffs to their attorneys should be dismissed. (Defs.' Br. at 4-5.) Defendants are correct.

  Before proceeding to the legal analysis of Plaintiffs' claim, I note that the facility's practice of recording telephone calls from inmates to their attorneys is disturbing. "Attorney-client communications have a special status in our legal system; their confidential nature is protected by the attorney-client privilege. The oldest privilege for confidential communications recognized by law, the attorney-client privilege is intended to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observations of law and the administration of justice." *Lonegan v. Hasty*, 436 F. Supp. 2d 419, 434 (E.D.N.Y. 2006). The facility's practice of recording all telephone calls, regardless of whether or not they are placed to an attorney, compromises the attorney-client privilege. *Contrast* 28 C.F.R. § 540.102 (2010) (Bureau of Prisons regulation prohibiting staff from monitoring "an inmate's properly placed call to an attorney"). I am not alone in my concern. The State Commission of Correction, upon reviewing a grievance by Plaintiff Grice regarding the facility's practice, "voted to accept [the] grievance ... and ... directed the facility to provide the Citizens' Policy and Complaint Review Council a plan of action to eliminate this practice." (Dkt. No. 72 at 29.) The fact that the facility's practice is disturbing, however, does not necessarily mean that Plaintiffs have a valid constitutional claim.

  The right of access to the courts, discussed above, includes the right to seek and receive

the assistance of attorneys. *See Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *partially overruled on other grounds by Thornburgh v. Abbott,* 490 U.S. 401 (1989). The Constitution requires only that inmates' access to counsel be "reasonable." *Smith v. O'Connor*, 901 F. Supp. 644, 648 (S.D.N.Y. 1995). A prison regulation or policy that implicates a constitutional right is reasonable if (1) there is a valid, rational connection between the policy and the legitimate governmental interest put forward to justify it; (2) other means of exercising the right remain open to inmates; (3) accommodating the prisoner's right will have a significant ripple effect on fellow inmates or on prison staff; and (4) ready alternatives are not available. *Turner v. Safley*, 482 U.S. 78, 89 (1987). The burden is on the inmate to show that the challenged regulation is unreasonable. *Covino v. Patrissi*, 967 F.2d 73, 79 (2d Cir. 1992). Because the burden is ultimately on Plaintiffs to show that the recording of telephone calls from inmates to their attorneys is unreasonable, Defendants are entitled to summary judgment if they: (1) point to evidence that negates Plaintiffs' claim that the practice is unreasonable or (2) identify those portions of Plaintiffs' evidence that demonstrate the absence of a genuine issue of material fact, a tactic that requires identifying evidentiary insufficiency and not simply denying Plaintiffs' pleadings. *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006). Defendants have attempted to point to evidence that negates Plaintiffs' claim.

     Defendants' moving papers do not cite *Turner*. However, Defendants advance arguments that address the first two *Turner* factors. Regarding the first *Turner* factor (whether there is a valid, rational connection between the policy and the legitimate governmental interest put forward to justify it), Defendants' moving papers assert, without citation to evidence, that recording all outgoing telephone calls by inmates is part of "maintaining the level of security

8

necessary in a jail facility."[6] (Defs.' Br. at 5.) Regarding the second *Turner* factor, (whether other means of exercising the right remain open to inmates), Defendants assert that "[P]laintiffs ... had reasonable access to their counsel. Plaintiffs had unlimited ability to write letters to their attorneys. Further, if an attorney called the facility to speak with an inmate client, that call could be taken by the inmate on an unrecorded line." *Id.* Defendants' memorandum of law does not cite any evidence supporting this assertion. Defendants' Statement of Material Facts does not include any facts about inmates' unlimited ability to write letters to counsel. Thus, Defendants have not supplied the Court with any evidence of this alleged alternate method of providing Plaintiffs with unrecorded access to counsel. Regarding the other alleged alternate method, Defendants' Statement of Material Facts states that "Plaintiff Grice knew that if his lawyer called in to the Clinton County Jail he would be allowed to receive that call on a different telephone line that was not recorded." (Stmt. of Materials Facts ¶ 16.) For this proposition, Defendants cite Plaintiff Grice's deposition. The cited portion of the deposition states:

> Q: Did you ever ask the staff to use a telephone that wasn't recorded?
> A: Absolutely.
> Q: Who did you ask?
> A: I spoke to Sergeant Perrin and I believe Sergeant or Lieutenant Laurin.
> Q: What did they tell you?
> A: That they don't do that; that my lawyer can call in.
> Q: So your lawyer could call in to the facility?
> A: That's what they said, but --
> Q: On a different line?

---

[6] Defendants were granted an extension of the dispositive motion deadline in order to obtain an affidavit from Defendant Laurin in support of the motion for summary judgment. (Dkt. No. 59.) As Plaintiff Modelle notes (Dkt. No. 64), no such affidavit accompanied Defendants' motion. It is not clear whether the proposed affidavit would have addressed security issues.

> A: Yeah.
> Q: All right. Then you could then be called to that line to talk with them, correct?
> A: Yeah, that's what they said.
> Q: Did you ever do that?
> A: Have my lawyer call?
> Q: Yes.
> A: I asked him to but he never did.
> Q: He didn't, okay. Did you ever see any other inmates use that system?
> A: No.

(Grice Dep. 28:12-29:10.) This evidence does not directly support Defendants' assertion that inmates could receive unrecorded telephone calls from their attorneys.[7] I therefore find that Defendants have not met their burden of pointing to evidence that negates Plaintiffs' claim that the Clinton County Jail's practice of recording telephone calls from inmates to their attorneys is unreasonable.

Defendants, however, are entitled to summary judgment because neither Plaintiff Modelle nor Plaintiff Grice suffered any actual injury as a result of the recording of their telephone calls to their attorneys. In fact, Plaintiff Modelle explicitly testified at his deposition that he does not claim that he was injured by having his calls monitored. (Modelle Dep.59:16-18.) Plaintiff Grice suffered no actual injury, either. He testified at his deposition that he believed that the District Attorney might use recordings of telephone calls he made to non-attorney friends and associates against him, but that the recordings were not admitted at trial. (Grice Dep. 32:8-24.) Regarding telephone calls to his attorney, he testified that the facility was "I believe listening to

---

[7] In an affidavit filed in opposition to Defendants' motion for summary judgment, Plaintiff Grice disputes the fact that inmates at the facility are allowed to receive unrecorded telephone calls from their attorneys. He states that "this was the procedure before the jail was remodeled [and] now there are no phones set aside ... If counsel calls the jail, officials would only tell Plaintiff to call attorney." (Dkt. No. 72 at 4, 10.)

my phone calls from my lawyer which I never received a recording of that.  I can't really say, but they had to have listened ... I believe it was used in the strategy of my case."  (Grice Dep. 34:7-14.)  Grice does not point to any evidence supporting this belief.  Therefore, I recommend that the Court dismiss Plaintiffs' access to courts claim regarding the recording of telephone calls from inmates to their attorneys.

    2.    <u>Wiretap Act</u>

Plaintiffs' claims regarding the recording of telephone calls implicates the Wiretap Act, 18 U.S.C. §2510-2522.  Defendants have not addressed this claim.  I shall do so *sua sponte*.

With certain exceptions, the Wiretap Act prohibits the intentional interception of wire, oral, and electronic communications unless specifically authorized by a court order.  *See* 18 U.S.C. § 2510-22.  The Wiretap Act authorizes a private right of action for any person whose wire, oral, or electronic communication is intercepted in violation of the Act.  18 U.S.C. § 2520 (2000); *Lonegan*, 436 F. Supp. 2d at 427-28.

Interceptions of wire, oral, and electronic communications without a court order are not prohibited when the interceptor is "acting under color of law" and "one of the parties to the communication has given prior consent to such interception."  18 U.S.C. § 2511(2)(c).  Here, Plaintiffs consented to having their telephone calls recorded in two ways.  First, they impliedly consented by placing telephone calls after being advised by a sign posted near the telephones that calls would be recorded.  (Stmt. of Material Facts ¶ 14; Plaintiff Grice's Response at 4; *United States v. Amen*, 831 F.2d 373, 379 (2d Cir. 1987); *United States v. Willoughby*, 860 F.2d 15, 19-

20 (2d Cir. 1988); *United States v. Workman*, 80 F.3d 688, 693 (2d Cir. 1996).)[8]  Second, they explicitly consented by pressing "1" to indicate consent before placing their calls.  (Stmt. of Material Facts ¶ 13.)  Therefore, the recording of the calls did not violate the Wiretap Act and I recommend that the Court dismiss this claim.

    3.    <u>Fourth Amendment</u>

Plaintiffs' claims regarding the recording of telephone calls implicate the Fourth Amendment.  Defendants have not addressed this claim.  I shall do so *sua sponte*.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  The Fourth Amendment "governs not only the seizure of tangible items, but extends as well to the recording of oral statements." *Katz v. United States*, 389 U.S. 347, 353 (1967).  The Fourth Amendment applies to recordings if (1) the plaintiff has exhibited an actual, subjective expectation of privacy; and (2) that expectation is reasonable.  *Id.* at 361 (Harlan, J., concurring); *Smith v. Maryland*, 442 U.S. 735, 740 (1979).  If these elements are established and the Fourth Amendment applies, the court must determine whether the seizure was reasonable.  Warrantless electronic surveillance is presumed unreasonable.  *Katz*, 389 U.S. at 359.

Here, the Fourth Amendment does not apply.  Neither Plaintiff Modelle nor Plaintiff Grice had an actual, subjective expectation of privacy in their telephone calls to their attorneys.  As discussed above, signs near the telephones advised them that calls would be recorded.

---

[8]    *Amen, Willoughby,* and *Workman* did not involve calls between inmates and their attorneys.  *Amen* and *Willoughby* involved the recording of telephone calls between inmates and non-attorneys at a federal facility.  As noted above, a Bureau of Prisons regulations prohibits the recording of "properly placed" calls to attorneys.  While this factual distinction is relevant to the access to courts analysis, it has no bearing on the topic of consent.

Plaintiffs consented to the recording of their calls by pressing "1" when prompted to do so. Plaintiff Modelle testified at his deposition that he knew that his calls might be monitored, that he consented to the procedure, and that he knew he had no privacy in the call. (Modelle Dep. 56:14-57:5.) Plaintiff Grice testified at his deposition that he knew his calls were being recorded and that he explained to his attorney that the calls were recorded. (Grice Dep. 27:11-28:10.) *Cf. Lonegan*, 436 F. Supp. 2d 419 (attorneys had actual expectation of privacy in personal visits with inmates where officers told attorneys that conversations were not being recorded). Therefore, I recommend that the Court dismiss this claim.

### C.   Claims Regarding Grievances

Plaintiffs allege that Defendants violated their civil rights because "[t]he grievance coordinator, Lt. Laurin, ignored all of the grievances sent to him from the plaintiffs, even though statutes dictate that he answer in 5 days." (Compl. at 3.) Defendants argue that this claim should be dismissed because inmates do not have a constitutional right to have grievances processed properly. (Defs.' Br. at 6.) Defendants are correct.

> The First Amendment protects a prisoner's right to meaningful access to the courts and to petition the government for the redress of grievances. *See Bill Johnson's Rest., Inc. v. NLRB*, 461 U.S. 731, 741, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983). However, inmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim. *Cancel v. Goord*, No. 00 Civ.2042, 2001 WL 303713, *3 (S.D.N.Y. Mar. 29, 2001). If prison officials ignore a grievance that raises constitutional claims, an inmate can directly petition the government for redress of that claim. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). "Therefore, the refusal to process an inmate's grievance or failure to see to it that grievances are properly processed does not create a claim under § 1983." *Cancel*, 2001 WL 303713, at *3; *see also Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342

(S.D.N.Y.2003); *Mahotep v. DeLuca*, 3 F. Supp. 2d 385, 390 (W.D.N.Y. 1998).

*Shell v. Brzezniak,* 365 F. Supp. 2d 362, 369 -370 (W.D.N.Y. 2005).  Therefore, I recommend that the Court grant Defendants' motion for summary judgment and dismiss this claim.

### D.     Plaintiff Modelle's Request for Further Discovery

Plaintiff Modelle argues that Defendants' motion should be denied in order for him to conduct further discovery.  (Dkt. No. 63 at 4.)  Further discovery would not help Plaintiffs' case. Plaintiffs do not dispute that they were represented by counsel in their criminal proceedings, the dates of the allegedly unconstitutional medical care, or that they were aware that their telephone calls were being recorded and that they consented to the recording.  Therefore, I recommend that the Court deny Plaintiff Modelle's request for denial of Defendants' motion so that he can conduct further discovery.

### III.    PLAINTIFF MODELLE'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Modelle moves for summary judgment.  (Dkt. No. 38.)  He argues that he is entitled to judgment as a matter of law on his claims.  As discussed above, Defendants are entitled to judgment as a matter of law.  Moreover, to the extent that Plaintiff Modelle argues in his motion for summary judgment that Defendants violated his Eighth Amendment rights by failing to properly treat his hand injury, that claim is not properly before the Court at this time because it was not raised in the complaint.  Therefore, I recommend that the Court deny Plaintiff Modelle's motion for summary judgment.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 61) be

**GRANTED** and Plaintiff Modelle's motion for summary judgment (Dkt. No. 38) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 27, 2010[9]
       Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge

---

[9] Plaintiff Modelle filed a supplemental opposition to Defendants' motion for summary judgment on January 27, 2010.  I reviewed that document before issuing this Report-Recommendation.